NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Matus, | No. CV-22-01413-PHX-SRB (CDB) |
| Plaintiff, | **ORDER** |
| v. | |
| Pinal County Adult Detention Center, et al., | |
| Defendants. | |

Plaintiff, Paul Matus filed his original Civil Rights Complaint by a Prisoner (Doc. 1) on August 22, 2022.  This Court issued its Screening Order on October 27, 2022 dismissing the Complaint with leave to amend. (Doc. 4) In that Order Plaintiff was advised about the requirements of any amended Complaint.  The Court stated:

> A first amended complaint supersedes the original Complaint. Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992); Hal Roach Studios v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990). After amendment, the Court will treat the original Complaint as nonexistent. Ferdik, 963 F.2d at 1262. Any cause of action that was raised in the original Complaint and that was voluntarily dismissed or was dismissed without prejudice is waived if it is not alleged in a first amended complaint. Lacey v. Maricopa County, 693 F.3d 896, 928 (9th Cir. 2012) (en banc).

(ECF Doc. 4 at 11)

Attached to the Court's Screening Order was a blank Complaint form for Plaintiff to use for his First Amended Complaint along with Instructions.  Paragraph 9 of

those Instructions advised in bolded type "**Any allegations or defendants not included in the amended complaint are considered dismissed.**" (Doc. 4 at 14)

Plaintiff filed his First Amended Complaint on November 14, 2022. In its January 11, 2023 Screening Order, the Court allowed Plaintiff to proceed on a due process claim, a First Amendment legal mail claim and a Sixth Amendment right to counsel claim against Defendant Hoyos and an Eighth Amendment excessive force claim against Defendant Riesgo. (Doc. 7) Defendants were served and just before filing their Answer, Plaintiff filed a Second Amended Complaint. He did not seek leave of court to file another Amended Complaint, but the Magistrate Judge issued an Order on March 1, 2023 striking that complaint because it failed to comply with the requirements of Rules 8(a)(2) and 15.1, Fed.R.Civ.P. The Magistrate Judge allowed Plaintiff the opportunity to resubmit a Second Amended Complaint in compliance with the Rules. Plaintiff was again advised that his Second Amended Complaint would "completely supersede" his First Amended Complaint and that after amendment his First Amended Complaint would be treated as "nonexistent." (Doc. 11 at 3).

Plaintiff refiled his Second Amended Complaint on March 27, 2023. The Magistrate Judge issued her Report and Recommendation screening the proposed Second Amended Complaint on April 27, 2023. The Magistrate Judge recommended that Plaintiff be permitted to proceed on his prior due process claim against Defendant Hoyos restated in Count One but not on any additional claims in Count One. The Magistrate Judge recommended that newly pled Count Two against Defendant Hoyos be dismissed. The Magistrate Judge recommended that Counts Three and Four against Defendant Hoyos also be allowed. The Magistrate Judge recommended the dismissal of Defendant Riesgo because the Second Amended Complaint pled no claims against him and because Plaintiff expressly deleted Riesgo as a Defendant and deleted the claim against him. (Doc. 32).

Plaintiff filed his Objections to Report and Recommendation on May 11,

2023. He also filed a document titled "I ask the Court for Leave to Fix/Amend/Add to my 2nd Amended Complaint" (Doc. 35) asking that his excessive force claim against Defendant Riesgo be added back in admitting he removed this claim "due to not having accurate information to pursue my claim." Plaintiff repeats in his Objections his request to add back in his claim of excessive force against Defendant Riesgo.

Plaintiff's requests to add his excessive force claim back in will be denied. As quoted above, Plaintiff has been advised on several occasions that his Second Amended Complaint supersedes his First Amended Complaint and any claims not reasserted would be treated as nonexistent. Plaintiff deliberately deleted Defendant Riesgo and his claim for excessive force against him in his Second Amended Complaint. Either as an Objection to the Report and Recommendation or as a motion Plaintiff cannot add back Defendant Riesgo and a claim against him.

Plaintiff also objects to the recommendation that his medical claim in Counts One and Two be dismissed. The Magistrate Judge found that Plaintiff failed to allege sufficient facts against Defendant Hoyos to show that he was responsible for providing medical care to Plaintiff and simultaneously alleged that Wexford is the medical provider for the Pinal County jail. The Report and Recommendation explained to Plaintiff in detail why a denial of medical care could not proceed against Hoyos or in this case. She explained to Plaintiff how he could proceed in federal court in a separate lawsuit if he has a viable medical claim to assert.

Plaintiff's objection does not explain how the Magistrate Judge erred in recommending dismissal of the medical claims in Counts One and Two. His objection attempts to add facts not alleged in his Complaint and complains that he shouldn't have to file a second civil rights case against the medical provider. Neither the assertion of additional facts nor Plaintiff's disagreement with the proper way to proceed if he has a medical claim is a sustainable objection to the Report and Recommendation.

IT IS ORDERED overruling Plaintiff's Objections to Report and Recommendation of the Magistrate Judge. (Doc. 39)

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 32)

IT IS FURTHER ORDERED allowing Plaintiff to proceed on his Second Amended Complaint as follows:

1. That portion of Count One of the proposed Second Amended Complaint which restates the portion of Count One of the First Amended Complaint on which Plaintiff was previously allowed to proceed;

2. Count Three of the proposed Second Amended Complaint; and

3. Count Four of the proposed Second Amended Complaint.

IT IS FURTHER ORDERED denying leave to proceed on any additional claims stated in Count One and in Count two.

IT IS FURTHER ORDERED dismissing Defendant Riesgo as a Defendant in this matter.

IT IS FURTHER ORDERED denying Plaintiff's motion entitled I ask the Court for Leave to Fix/Amend/Add to my 2nd Amended Complaint. (Doc. 35)

Dated this 5th day of June, 2023.

_____
Susan R. Bolton
United States District Judge